DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

GEORGE GAUTIER AND MIREYA )
GAUTIER AS PERSONAL )
REPRESENTATIVES OF SHAKIRA )
GAUTIER and THE ESTATE OF )
SHAKIRA GAUTIER, )
 )
    Plaintiffs, )
 )
    v. ) Civil Action No. 2012-076
 )
GOVERNMENT OF THE VIRGIN )
ISLANDS, VIRGIN ISLANDS POLICE )
DEPARTMENT, and VIRGIN ISLANDS )
DEPARTMENT OF JUSTICE, )
 )
    Defendants. )

**Attorneys:**
**Natalie Nelson Tang How, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Erika M. Scott, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants' "Motion to Dismiss Plaintiffs' Amended Complaint" (Dkt. No. 10). For the following reasons, the Court will grant the Motion and dismiss Plaintiffs' Amended Complaint (Dkt. No. 9), without prejudice.

### I.    BACKGROUND

Plaintiffs are Shakira Gautier's parents, and representatives of her estate. Their Amended

1

Complaint, filed against Defendants Government of the Virgin Islands (GVI), Virgin Islands Police Department (VIPD), and the Virgin Islands Department of Justice (VIDOJ) (collectively, "Defendants"), seeks damages allegedly arising from Shakira Gautier's death on July 25, 2010 and the attendant circumstances.

Shakira Gautier began employment as an evidence custodian for the VIPD in 2008. (Dkt. No. 9). She was on administrative leave in May and June of 2010 following a motor vehicle accident, and returned to work in late June. *Id.* Plaintiffs allege that upon her return to work, Shakira Gautier was restricted in her access to the evidence vault and was required to be accompanied while in the vault, pursuant to a mandate from VIPD Chief of Police Christopher Howell ("Chief Howell"). *Id.* Plaintiffs contend that on July 25, 2010, Shakira Gautier was left alone in the vault in violation of evidence personnel operations procedures and Howell's directive. *Id.* She died from a gunshot wound to the head while in the evidence vault. Plaintiffs further allege that Defendants engaged, *inter alia*, in document tampering, shoddy investigative work, withholding of evidence, and other misconduct following Shakira Gautier's death. (Dkt. No. 9).

Counts I, II, III and IV of the Amended Complaint allege that Defendants, while acting under color of state law, deprived Shakira Gautier of her constitutionally-protected substantive due process rights to life and liberty (Count I), personal safety (Counts II and III) and privacy (Count IV). (Dkt. No. 9 at 7-9). The claims in Counts I-IV are brought under 42 U.S.C. § 1983. Count V alleges negligence, a local claim, over which Plaintiffs assert the Court has jurisdiction pursuant to 28 U.S.C. § 1367. (Dkt. No. 9). Count VI does not allege a separate cause of action, but instead describes the damages allegedly suffered as a result of the "wrongful death of Shakira Gautier." *Id.*

Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Defendants cannot be sued under § 1983, and thus no plausible basis for relief exists on Plaintiffs' federal claims. (Dkt. No. 11). Defendants also argue that Plaintiffs' tort claim is barred because Plaintiffs did not comply with the requirements of the Virgin Islands Tort Claims Act, and thus that claim should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 11).

Plaintiffs argue that claims against "V.I. Attorney General Vincent Frazer and Police Chief Christopher Howell will withstand a motion to dismiss . . . [because] those two individual Defendants acted under the color of state law with respect to personnel decisions" about the conditions under which Shakira Gautier returned to work at VIPD. (Dkt. No. 17 at 4). Plaintiffs did not respond to Defendants' jurisdictional argument regarding the tort claim.

The Court first addresses the governing legal principles, and then applies them to the instant Amended Complaint. The Court finds that Defendants are not persons within the meaning of §1983, and that Attorney General Frazer ("Frazer") and Chief Howell, in their individual capacities, are not defendants in this action. Because the Court is dismissing the federal claims, it will decline to exercise jurisdiction over the local claims. Accordingly, Defendants' Motion will be granted and the Amended Complaint dismissed in its entirety.

## II.   DISCUSSION

### A.  Applicable Legal Principles

The Court conducts its analysis of a motion brought under Rule 12(b)(6) guided by the Supreme Court decisions in *Twombly* and *Iqbal*. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all the

3

Amended Complaint's well-pleaded allegations as true, and looks to whether those allegations present a "plausible claim for relief." *Iqbal*, 556 U.S. at 679); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). To survive a motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court views the facts in the light most favorable to the non-moving party, but disregards unsupported inferences or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 905-6 (3d Cir. 1997).

The Court looks to a complaint and any documents attached to or submitted with the complaint in deciding a motion to dismiss. *See Buck v. Hampton Twp. Sch. Dist*., 452 F.3d 256, 260 (3d Cir. 2006). An Opposition to a Motion to Dismiss will not be allowed to cure a deficiency in the pleading. *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citations omitted); *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (grounds raised for the first time in opposition do not affect the merits of motion to dismiss).

Section 1983 does not confer substantive rights. It instead serves as a vehicle for the vindication of rights established under the Constitution or federal law. *Graham v. Connor*, 490 U.S. 386, 394 (1989). As § 1983 provides vindication for the deprivation of constitutional or federal rights, the Court has original jurisdiction over § 1983 claims. 28 U.S.C.A. § 1331; *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The District Court has supplemental jurisdiction over local claims under 28 U.S.C. § 1367(a) if the claims arise from

4

the same nucleus of operative facts as the federal claim. *See Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)). Supplemental jurisdiction is discretionary, and the Court "can refuse its exercise . . . [when] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

The essential elements of a well-pleaded § 1983 claim are allegations of conduct engaged in by a person acting under color of state law, which deprived a plaintiff of a constitutional or federal right. *Shaw by Strain*, *v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)). Absent an allegation of conduct violating the Constitution or federal law committed by a person acting under color of state law, a plaintiff has not stated a plausible claim for relief under § 1983. *See Ball v. Famiglio*, 726 F.3d 448, 466 (3d Cir. 2013) *cert. denied*, 134 S. Ct. 1547 (U.S. 2014) (internal citations omitted). It is also well-established that a § 1983 claim must allege a defendant's personal involvement in the conduct at issue in order to be considered a plausible claim upon which relief may be granted. *See Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081-82 (3d Cir. 1976); *Ball v. Hartman*, 2010 WL 597401, *2 (M.D. Pa. Feb. 16, 2010) *aff'd,* 396 F. App'x 823 (3d Cir. 2010) ("[Section] 1983 liability cannot be premised solely on the basis of a defendant's supervisory capacity, that is, there must be allegations that the official had knowledge or acquiesced in any purported acts of constitutional mistreatment.").

The United States Supreme Court has established that the governments of territories, their agencies, and officers acting in their official capacities are *not* considered persons for purposes of § 1983. *See Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) (applying to Guam); *see also Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993) ("dismissal of [Plaintiff's] petition was ultimately appropriate, however, because neither the Territory of the Virgin Islands nor its

officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983.") (citing *Ngiraingas,* 495 U.S. at 192). The Third Circuit and this Court have repeatedly affirmed that claims for damages are "not actionable against territorial officials in their official capacities," the GVI, or its instrumentalities. *Iles v. de Jongh*, 638 F.3d 169, 178 (3d Cir. 2011); *see McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 241 (3d Cir. 2010); *Payton v. Pub. Defender Admin. Bd.,* 2007 WL 309946, *4 (D.V.I. Jan. 22, 2007); *Olmeda v. Schneider*, 889 F. Supp. 228, 230 n.1 (D.V.I. 1995). The VIPD and VIDOJ are agencies of the GVI. *See Payton,* 2007 WL 309946 at *4; *Looby v. Dawson*, 2007 WL 3171935, *4 (D.V.I. Oct. 19, 2007) (citing *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 66-71 (1989)); *Eddy v. Virgin Islands Water and Power Auth.,* 955 F.Supp. 468, 476 (D.V.I.1997).

Having set forth these principles, the Court turns to Plaintiffs' claims.

### B. Analysis

Plaintiffs must assert a deprivation of a constitutional or federal right committed by a person acting under color of state law in order to state a plausible claim for relief under § 1983. *Ball v. Famiglio*, 726 F.3d at 466. Here, Plaintiffs have brought suit against the GVI, VIPD and VIDOJ. (Dkt. No. 9). In Counts I through IV, Plaintiffs assert claims against these Defendants under § 1983. However, as a matter of law, the GVI and its instrumentalities or agencies are not 'persons' under § 1983 and may not be sued for money damages as such. *See Iles*, 638 F.3d at 178. Because a § 1983 suit for money damages is not actionable against the named Defendants, Plaintiffs cannot satisfy one of the 'essential elements' of their federal claims and have, therefore, failed to state a claim upon which relief can be granted. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Dismissal of Counts I through IV is thus proper.

Plaintiffs contend, in their Opposition, that individuals Frazer and Howell are Defendants

in this action in their individual capacities, and the § 1983 claims against them are thus viable. (Dkt. No. 17 at 4).[1]  In amending their Complaint, Plaintiffs added the following text: "Defendant, Vincent Frazer [is] the attorney general of the Government of the U.S. Virgin Islands responsible for the investigation of the allegations set forth in Plaintiffs' Complaint. Defendant, Christopher Howell is the Chief of Police responsible for the investigation and issuance of the report."  (Dkt. No. 9 at 3).

The Court finds, however, that Plaintiffs did not add Frazer and Howell as individual defendants by inserting the text above.  Plaintiffs did not cause summons to be issued to Frazer and Howell in their individual capacities.  They did not serve Frazer and Howell, in their individual capacities, with process, and as such Frazer and Howell have not entered any appearances.  Frazer and Howell are not captioned in Plaintiffs' Amended Complaint. (Dkt. No. 9).  Accordingly, the Court finds that Plaintiffs have not filed suit against Frazer and Howell in their individual capacities.

In addition to the absence of any legitimate basis for concluding that suit has been filed against Frazer and Howell in their individual capacities, there is no assertion in the Amended Complaint that either Frazer or Howell was "personally involved" in the conduct at issue, as required for liability under § 1983.  *Goode*, 423 U.S. at 375; *Ball*, 2010 WL 597401 at *2.  There is no mention at all of Frazer in the Amended Complaint's factual allegations. Howell is mentioned three times: once in placing Shakira Gautier on administrative leave prior to the incident at issue, and twice in issuing directives regarding access to the evidence vault.  (Dkt.

---

[1] Plaintiffs' Opposition refers to Frazer and Howell as "individual Defendants."  (Dkt. No. 17 at 4).  The Court construes this to mean that Plaintiffs are asserting that Frazer and Howell are proper defendants in their individual capacities.  If Plaintiffs intended to assert their claims against Frazer and Howell in their official capacities, such claims would fail because government officers acting in their official capacities are not "persons" within the meaning of § 1983. *See McCauley*, 618 F.3d at 240-41 (suit against official acting in official capacity is a suit against the office and territory itself, and thus a § 1983 claim cannot lie). Claims against Frazer and Howell in their official capacities are thus barred.

7

No. 9 at 3-5). These are actions undertaken in Howell's supervisory capacity, and are not assertions of his individual involvement in a deprivation of rights. For this additional reason, Plaintiffs have failed to state a claim against Frazer or Howell in their individual capacities. *See Hampton*, 546 F.2d at 1081-82; *Ball*, 2010 WL 597401 at *2.

In view of the foregoing, the Court finds that Counts I-IV do not state a plausible claim for relief and will therefore dismiss them without prejudice. Having thus dismissed the claims over which it has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the local tort claim in Count V. Accordingly, the Court need not reach Defendants' jurisdictional argument regarding the Virgin Islands Tort Claims Act. The Amended Complaint will be dismissed in its entirety.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted and Plaintiffs' Amended Complaint will be dismissed without prejudice. An appropriate Order accompanies this Opinion.

Date: September 8, 2014                      _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge