IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

GEORGE GAUTIER AND MIREYA GAUTIER )
AS PERSONAL REPRESENTATIVES OF )
SHAKIRA GAUTIER AND THE ESTATE OF )
SHAKIRA GAUTIER, )
)
         **Plaintiffs,** )
)
         v. )
GOVERNMENT OF THE VIRGIN ISLANDS, )
VIRGIN ISLANDS POLICE DEPARTMENT, )
VIRGIN ISLANDS DEPARTMENT OF )
JUSTICE, CHIEF OF POLICE CHRISTOPHER )
HOWELL AND ATTORNEY GENERAL )
VINCENT FRAZER, IN THEIR INDIVIDUAL& )
OFFICIAL CAPACITIES, )
)
         **Defendants.** )
)

Case No. 1:12-cv-0076

## ORDER

**BEFORE THE COURT** is Government of the Virgin Islands' Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 28.) Plaintiffs opposed the motion. (ECF No. 34.) Defendants filed their reply. (ECF No. 35.) For the following reasons, the Court will grant the motion.

### I. BACKGROUND

Plaintiffs commenced this action by filing a Verified Complaint. After Defendants moved to dismiss (ECF No. 6), Plaintiffs filed an Amended Complaint (ECF No. 9), which alleges the following. Plaintiffs alleged that their daughter Shakira Gautier ("Gautier") was employed as the primary evidence custodian for Defendants Virgin Islands Police Department ("VIPD") and Government of the Virgin Islands ("GVI"). Her duties included processing evidence in the VIPD's newly implemented evidence room.

In May 2010, Gautier was involved in a motor vehicle accident while operating a VIPD vehicle, which left her in a fragile emotional state, prompting VIPD Chief Christopher Howell ("Howell") to place her on administrative leave with pay pending further evaluation. The complaint alleges that on June 28, 2010, Gautier returned to work in a limited capacity with

Case: 1:12-cv-00076-RAM-EAH   Document #: 40   Filed: 09/18/23   Page 2 of 5

*Gautier v. Gov't of the Virgin Islands et al.*
Case No. 1:12-cv-0076
Order
Page **2** of **5**

restricted access to the evidence vault subject to Howell's directive that she should be accompanied at all times in the evidence room by additional personnel.

On July 25, 2010, Gautier reported to VIPD evidence room at 11:30 p.m., as required by her employer. She was accompanied by two forensic officers, one of whom went to another part of the police premises after Gautier reported to the evidence room. The other forensic officer accompanied Gautier to the evidence room vault but left her alone to make a phone call. While the forensic officer was absent, Gautier died from a gunshot wound to the head in the evidence room vault. The camera in the evidence room vault was not in operation at the time of the incident. Plaintiffs alleged that following Gautier's death, VIPD engaged in unauthorized activity, including tampering and confiscating Gautier's paychecks, and colluded with Defendant Virgin Islands Department of Justice ("VIDOJ") in conducting an investigation and issuing a report in which they made inaccurate and unsubstantiated factual representations. Plaintiffs allege that Defendants withheld evidence pertaining to the incident, such as Gautier's cell phone and personal belongings, which contained logs and information about certain whereabouts and communications leading to Gautier's death. Plaintiffs asserted violations of the Fourteenth Amendment and the Fourth Amendment Due Process and Safety Clause and the right to privacy, under 42 U.S.C. § 1983, and negligence.

On September 8, 2104, the Court granted Defendants' motion to dismiss the Amended Complaint without prejudice to re-filing. The Order granted Plaintiffs leave to file a second amended complaint, however, Plaintiffs were prohibited from asserting any new claims not contained in Amended Complaint. (ECF No. 20.) Specifically, the Court found that Plaintiffs failed to state a claim with respect to Counts I through IV because GVI, VIPD and VIDOJ as well as Vincent Frazer ("Frazer") and Howell, in their official capacities, are not "persons" under § 1983, and that Plaintiffs failed to serve Frazer and Howell in their individual capacities and failed to assert their personal involvement. Additionally, the Court declined to exercise supplemental jurisdiction under the Virgin Islands Tort Claims Act.  (ECF No. 21).

On October 8, 2014, Plaintiffs filed a Second Amended Complaint essentially repeating the same allegations from the Amended Complaint and styling Count V as "Negligence & Monell Claims" and Count VI as "Wrongful Death Damages." (ECF No. 22.)

*Gautier v. Gov't of the Virgin Islands et al.*
Case No. 1:12-cv-0076
Order
Page **3** of **5**

Thereafter, GVI, VIPD, VIDOJ, Frazer and Howell (in their official capacities) filed the instant motion.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" which means that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "In evaluating plausibility, 'we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements.'" *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 115, 119 (3d Cir. 2017) (citation omitted).

## III. DISCUSSION

Defendants argue that GVI, its agencies, and officials acting in their official capacities ate not considered "persons" under Section 1983, the theory of *respondeat superior* does not apply in a suit for monetary damages, Plaintiffs failed to allege personal involvement by Howell and Frazer, they did not comply with the Virgin Islands Tort Claims Act requirements that the claim be timely filed, and the Court should not exercise supplemental jurisdiction. Plaintiffs argue that the complaint sufficiently pleads that at least two individuals acted under the color or state law concerning personnel decisions and conditions under which Gautier returned to work and that Gautier's Due Process right to personal safety and her Fourth Amendment right to be secure in her person claims were sufficiently stated. Moreover, Howell failed, in his individual and official capacity, to provide adequate training of employees, and Frazer failed, in his individual and official capacity, to conduct a thorough and proper investigation, caused a false and misleading report, failed to conduct an independent autopsy, and failed to grant Plaintiffs access to Gautier's cell phone and personal belongings. Plaintiffs assert that they plead invasion of privacy and negligence adequately. In reply, Defendants argue that no personal jurisdiction exists over Howell and

Frazer because the summons have not been issued or served on them in their individual capacities and the statute of limitations has already expired.

### A. Section 1983 Claims Against GVI, VIPD, VIDOJ, and Howell and Frazer in Their Official Capacities

It is well settled that "Territories and their officers, acting in their official capacities, are not 'persons' under § 1983. *Ngiraingas v. Sanchez,* 495 U.S. 182, 191–92, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990); *Brow v. Farrelly,* 994 F.2d 1027, 1037 (3d Cir.1993) ('[N]either the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983.')." *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 240 (3d Cir. 2010). Plaintiffs failed to state a claim under § 1983 against GVI, VIPD, VIDOJ, and Howell and Frazer in their official capacities because none of these Defendants are "persons" under § 1983. *McCauley*, 618 F.3d at 240. Accordingly, dismissal with prejudice of the § 1983 claims for failure to state a claim against GVI, VIPD, VIDOJ, and Howell and Frazer in their official capacities is warranted.

### B. Section 1983 Claims Against Howell and Frazer in Their Individual Capacities

The moving Defendants assert that Frazer and Howell were not served in their individual capacities with the summons and Second Amended complaint. Defendants further argue that the Second Amended Complaint failed to allege their personal involvement. However, counsel for the moving Defendants did not enter appearance on behalf of Frazer and Howell in their individual capacities and cannot make any arguments on behalf of Frazer and Howell in their individual capacities. As the record in this case does not demonstrate that Frazer and Howell in their individual capacities were served with the summons and Second Amended Complaint and neither of them appeared in this action in their individual capacity, the Court finds that dismissing without prejudice all claims against Frazer and Howell in their individual capacities pursuant to Federal Rule of Civil Procedure 4(m) is warranted.

### C. Negligence & Monell Claims

The order dismissing the Amended Complaint specifically directed that the "second amended complaint may not assert any new claims that were not contained in Plaintiffs'

*Gautier v. Gov't of the Virgin Islands et al.*
Case No. 1:12-cv-0076
Order
Page **5** of **5**

Amended Complaint." (ECF No. 20.) Plaintiffs' Amended Complaint did not contain a claim for failure to train; thus, it was asserted in the Second Amended Complaint in contravention of the court's proscription. Having found that dismissal of all federal claims is warranted, the Court declines to exercise supplemental jurisdiction over the local negligence claim in Count V. Thus, dismissing without prejudice Plaintiffs' negligence claim in Count V is warranted.

    Accordingly, it is hereby

    **ORDERED** that Defendants' Motion to Dismiss, ECF No. 28, is **GRANTED**; and it is further

    **ORDERED** that the Clerk of Court **SHALL** close this case.

**Dated:** September 18, 2023                */s/ Robert A. Molloy*
                                                                           **ROBERT A. MOLLOY**
                                                                           **Chief Judge**